IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Robert C. Schoenberger, | : | Civil Action No. |
| Plaintiff, | : | |
| v. | : | |
| G.E. Richards Graphic Supplies Co., Inc., | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

**FEDERAL COMPLAINT**

## I. INTRODUCTION

Plaintiff, Robert C. Schoenberger, was demoted and denied compensation by his employer because of age bias against him and he brings this action for employment discrimination to secure relief, legal and equitable, for discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S.A. § 951 *et seq.* (PHRA).

## II. JURISDICTION

1. The jurisdiction of this Court over Count I of this controversy is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this district court has original jurisdiction of all civil actions arising under the laws of the United States. The federal law to be enforced in Count I is the Age Discrimination in Employment Act of 1967, as amended.

2. The jurisdiction of this Court over Count II of this controversy is based upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Plaintiff's claim under Count II is to be enforced under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S.A. §951 *et seq*. The laws of the Commonwealth of Pennsylvania apply to Count II.

### III. VENUE

3. Venue is appropriate in this district pursuant to §28 U.S.C. § 1391(b) in that Defendant's Business is in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### IV. PARTIES & WITNESSES

5. Plaintiff Robert C. Schoenberger ("Plaintiff," or "Mr. Schoenberger," or "Plaintiff Schoenberger") is an adult citizen and resident of Lancaster County, Pennsylvania.

6. Defendant G.E. Richards Graphic Supplies Co. ("Defendant," or "G.E. Richards," or "Defendant G.E. Richards" is a graphic and printing supply business and equipment wholesaler business incorporated in Pennsylvania and headquartered in Landisville Pennsylvania, with branch distribution centers located in Virginia, Texas, Kentucky, Pennsylvania, and New York.

7. Larry Wagner is the President and owner of Defendant G.E. Richards.

8. Jeff Wagner is Larry Wagner's son and the Vice President and Treasurer of Defendant G.E. Richards.

9. Linda Yost is Larry Wagner's daughter and runs the operations for G.E. Richards.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on November 10, 2020, docketed as 530-2021-00641.

11. Plaintiff dual filed his discrimination charge with the Pennsylvania Human Relations Commission on November 10, 2020.

12. The EEOC issued a 90-day notice of right to sue on July 28, 2021.

## VI. DAMAGES AND AMOUNT IN CONTROVERSY

13. The amount in controversy includes back pay, front pay, liquidated damages, compensatory damages, attorney fees and costs, and well exceeds $150,000.

## VII. FACTUAL ALLEGATIONS & ADVERSE ACTION

14. Plaintiff Schoenberger's birth date is in January 1956. He is presently 65 years old.

15. He began his employment with Defendant G.E. Richards on September 2, 1986, when he was 30 years old.

16. To date, Plaintiff Schoenberger has worked for Defendant for over 35 years.

17. In July 2020, Defendant G.E. Richards told Plaintiff Schoenberger that they were replacing and demoting him because of his age.

18. Defendant G.E. Richards has demoted Plaintiff Schoenberger and has significantly cut his pay.

## XIII. Additional Factual Allegations

### A. G.E. Richards offers Schoenberger a contract in 1994 to keep him committed to the business.

19. On December 1, 1994, Defendant G.E. Richards offered Plaintiff Schoenberger a 15-year employment contract, which was to renew annually until either party gave the other 90 days' written notice.

20. After the first 15 years of working successfully for Defendant G.E. Richards, the contract continued and automatically renewed every year.

21. The contract provided for a minimum annual base salary.

22. The contract required any reduction in salary for Plaintiff Schoenberger to also be applied to the Vice President of the Company.

23. The contract also required Defendant G.E. Richards to pay Plaintiff Schoenberger a percentage of gross company sales of electronic equipment.

24. The contract also required Defendant to pay Plaintiff Schoenberger three years of cash bonuses, irrespective of company sales or financial success.

25. Defendant's contract also provided for three weeks of annual paid leave.

26. In exchange the contract required Plaintiff Schoenberger to "devote his entire productive time, attention, skill and energy to the business, welfare and affairs of the company…."

27. The contract also provided for a three-year non-compete following the termination of his employment, requiring that he not directly or indirectly secure employment with competitors in Pennsylvania and in all surrounding states.

28. The contract further restricts Plaintiff Schoenberger for three years from soliciting customers.

29. The contract further acknowledged Plaintiff Schoenberger occupied a position of trust with the company that required him to maintain certain information as confidential.

30. The contract provided protection for Plaintiff Schoenberger and made him feel the company was as committed to him as he was to them.

**B.     G.E. Richards' leadership starts planning for Plaintiff Schoenberger termination.**

31. On or about November 2019, Plaintiff started working with a new account representative from Kodak.

32. The Kodak account representative informed Plaintiff that he was directed by Larry and Jeff Wagner to work exclusively with Tony Dailey (and not at all with Plaintiff).

33. Plaintiff asked for a conference call with Larry and Jeff Wagner.

34. Neither Larry nor Jeff Wagner ever responded to Plaintiff's conference call request.

35. On or about April 2020, Plaintiff purchased a laptop for work and submitted the purchase reimbursement form, as was the custom.

36. Linda Yost, The Operations Manager for Defendant, and daughter of Larry Wagner, objected to the reimbursement.

37. Plaintiff was surprised and asked if Defendant no longer believed Plaintiff had the best interests of the company in mind.

38. In hindsight, this was one of the first indications to Plaintiff that Defendant was planning on terminating him because Defendant has always reimbursed Plaintiff for prior equipment upgrade purchases without question.

**C.     Larry Wagner asks about Robert Schoenberger's possible retirement with Susan Schoenberger in 2019.**

39. Larry Wagner was married to Judith Ann Wagner.

40. Judith Wagner died on December 3, 2019.

41. Mrs. Wagner's funeral was held on Wednesday, December 11, 2019.

42. On or about December 11, 2019, Plaintiff Schoenberger and his wife, Susan Schoenberger, attended a gathering commemorating Judith Wagner's life.

43. During the gathering, Larry Wagner had a discussion with Susan Schoenberger about Plaintiff's plans for retirement.

44. Larry Wagner specifically asked Susan Schoenberger if Bob had "any intention of retiring anytime soon?"

45. Susan Schoenberger told Larry Wagner that her husband did not have any plans to retire.

46. Mrs. Schoenberger specifically told Larry Wagner that Plaintiff Schoenberger did not have any plans to retire because he still enjoys his job at G.E. Richards.

47. This conversation took place roughly seven months before Defendant G.E. Richards demoted Plaintiff because of his age.

**D.    Colleague of Plaintiff Schoenberger tells him that Larry Wagner is discussing Plaintiff's retirement in July 2020.**

48. Around the third week of July 2020, Plaintiff Schoenberger received a text message from his colleague, Tony Dailey.

49. Mr. Dailey's text message included a reference to Plaintiff Schoenberger's retirement.

50. Concerned for his job, and wanting to clear up any inappropriate assumptions, Plaintiff reached out to Larry Wagner and asked him why Mr. Wagner was discussing Plaintiff's retirement with Tony Dailey.

**E.    Larry Wagner admits he is demoting Plaintiff because of his age.**

51. On July 24, 2020, Plaintiff called Larry Wagner to discuss the rumor of his retirement.

52. Larry Wagner told Plaintiff Schoenberger that he and Jeff Wagner had decided to move all sales management responsibilities from Plaintiff to Tony Dailey.

53. Plaintiff objected and explained that he had developed the accounts in Texas, and he had spent years talking to the right people and developing the business contacts in Texas.

54. Larry Wagner responded, "Tony will be working for us for 20 years and you for two, so the decision is final."

55. Plaintiff asked if he was getting a pay cut, and Larry Wagner responded, "didn't Jeff send you an email?"

56. Plaintiff responded, "An email about what?"

57. Larry Wagner said he was going to talk to Jeff and get back to Plaintiff.

**F.    Larry and Jeff Wagner demote Plaintiff Schoenberger because of his age.**

58. On Thursday, July 30, at 8:15 am, Plaintiff Schoenberger met with both Larry and Jeff Wagner.

59. In this meeting Larry and Jeff Wagner told Plaintiff Schoenberger that they were demoting him, and Tony Dailey would be taking over his management responsibilities.

60. Tony Dailey was 52 years old at the time Defendant demoted Plaintiff.

61. Tony Dailey is significantly younger than Plaintiff Schoenberger, who at that time was 64 years-old

62. Plaintiff Schoenberger told Larry and Jeff Wagner that he had no intention of retiring and he planned to work until health dictates otherwise.

63. Larry Wagner explained that he assumed Plaintiff Schoenberger might work for another two years, where Tony Dailey would be able to work for another twenty years because he was younger than Plaintiff.

64. Plaintiff Schoenberger told Larry and Jeff Wagner that he had not made any plans to retire and did not express any interest in doing so.

65. During this same meeting Larry and Jeff Wagner informed Plaintiff Schoenberger they were removing him from the Regional Management position in Texas.

66. This reassignment has had a detrimental financial impact on Plaintiff Schoenberger' income.

67. Larry Wagner explained that he and Jeff Wagner had planned to demote or terminate Plaintiff Schoenberger the next year (2021), but the COVID19 pandemic "pushed up the timeline."

68. Plaintiff Schoenberger asked Larry and Jeff Wagner if he had done anything to justify the demotion.  Larry and Jeff Wagner both remained silent.

69. Larry Wagner then stated that he wanted the company to be here for the next twenty years for his grandsons.

70. Jeff Wagner stated that he was targeting high income employees for these cuts.

71. There are no other employees, whose salaries were cut, who were as old as Plaintiff.

72. The following week, on or about August 3, 2020, Plaintiff received information about an age discrimination charge filed with the EEOC by another G.E. Richards employee, John Morton.

73. On or about August 5, 2020, Plaintiff also spoke with Bill Meyers, another older G.E. Richards employee who confirmed that his pay was lowered by 10% in April 2020.

74. On or about April 2020, Defendant informed Plaintiff that a company-wide 10% pay cut was being instituted.

75. Bill Meyers also confirmed that two substantially younger G.E. Richard's employees, David Ball and Jim Lundy, did not receive the same 10% pay cut.

**G.   After 33 years and 11 months G.E. Richards, through its Vice President, Jeff Wagner, sent Plaintiff Schoenberger an email demoting Plaintiff.**

76. On Friday, July 31, 2020, at 4:28 p.m. Plaintiff Schoenberger received a one sentence email noting that Defendant would be cutting his pay 25%.

77. The email from Jeff Wagner stated, "Hi Bob, we're looking at 20-25 decrease with an incentive of 20% of gross profit commission on any new sales beginning August 1."

78. Fearing how agreeing to this new compensation offer via email would impact his already existing employment and compensation agreement, Plaintiff did not respond immediately.

### H. Defendant G.E. Richards ends Plaintiff's employment contract with G.E. Richards.

79. On August 13, 2020, Jeff Wagner emailed Plaintiff Schoenberger that his Employment Agreement would not be renewed and would expire on November 13, 2020.

80. On August 20, 2020, Plaintiff Schoenberger provided Defendant with a requested salary request, in lieu of an employment contract.

81. On August 21, 2020, Jeff Wagner signed the compensation request.

82. The salary request does not provide for the same level of compensation as provided for in the 1994 employment contract.

### I. Plaintiff continues his employment at G.E. Richards but is suffering economic and compensatory damages.

83. Since the demotion, G.E. Richards has cut Plaintiff off from management communication.

84. Since the demotion, Plaintiff has suffered back pay economic damages of nearly $20,000 per year.

85. Since the demotion, Plaintiff has suffered emotional pain as a result of being treated in a discriminatory manner based on a stereotype about age and retirement, as opposed to his job performance.

86. Since the demotion, Plaintiff has suffered embarrassment with co-workers and customers who are aware of the demotion.

87. Since the demotion, Plaintiff has suffered anxiety and depression and experienced loss of enjoyment of life because of being treated in such a disposable manner by an employer who he dedicated over three decades of his work life to.

88. Since the demotion, Plaintiff has suffered pecuniary losses because he has had to withdraw savings to pay for cost of living with a lower income.

89. Now that Plaintiff is filing this lawsuit, he is concerned that his earning capacity will be reduced if he loses this job, and future employers see that he filed a lawsuit against his previous long-term employer.

90. On information and belief, Defendant consulted with legal counsel about it intent to demote Plaintiff and knew of should have known that its actions were in violation of the Age Discrimination and Employment Act.

**VIII. CAUSES OF ACTION**

**COUNT ONE**
**VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)**
**SCHOENBERGER V. G.E. RICHARDS GRAPHIC SUPPLIES COMPANY**
**CLAIMS UNDER ADEA**

90. Plaintiff incorporates by reference paragraphs 1 through the present paragraph.

91. Defendant's unlawful and discriminatory demotion and pay reduction of Plaintiff because of age and status as an older worker violates the provisions of the ADEA, justifying an award, *inter alia*, of back pay, front pay, benefits, and liquidated damages against Defendant.

92. Defendant's unlawful and discriminatory demotion of Plaintiff's on account of age and status as an older worker was a willful violation of the ADEA, justifying an award of liquidated damages under the ADEA.

**COUNT ONE**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)**
**SCHOENBERGER V. G.E. RICHARDS GRAPHIC SUPPLIES COMPANY**
**CLAIMS UNDER PHRA**

93. Plaintiff incorporates by reference paragraphs 1 through the present paragraph.

94. Defendant's unlawful and discriminatory demotion and pay reduction of Plaintiff because of age and status as an older worker violates the provisions of the PHRA, justifying an award, *inter alia*, of back pay, front pay, benefits, and compensatory damages against Defendant.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant as follows:

a. For a declaratory judgment that Defendant's actions complained of herein violate the ADEA and the PHRA;

b. For a money judgment including monetary damages exceeding $150,000 representing compensatory damages and all compensation and monetary loses, which Plaintiff has been denied, including back pay, front pay, and all other sums of money, including retirement benefits, other employment benefits, and liquidated damages.

c. For pre-judgment interest.

d. For reasonable attorneys' fees, expert witness fees, costs and all other relief permitted by the ADEA and the PHRA or other applicable law; and

e. For such other relief as the Court deems just and appropriate.

Respectfully submitted,
**TRIQUETRA LAW**

Dated: October 15, 2021

_____
Sharon R. López
Attorney for Plaintiff Robert Schoenberger
35 East Orange Street, Suite 301
Lancaster, PA  17602
(717)  299-6300 (Telephone)
(717)  299-6300 (Fax)
Lopez@TriquetraLaw.com
PA ID 70605