## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT SCHOENBERGER | CIVIL ACTION |
| Plaintiff, | No. 21-cv-04530 |
| v. | |
| G.E. RICHARDS GRAPHIC SUPPLIES CO., INC. | |
| Defendant. | |

## ANSWER OF DEFENDANT, G.E. RICHARDS GRAPHIC SUPPLIES CO., INC. TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, G.E. Richards Graphic Supplies Co., Inc., by and through their attorneys, Bunker & Ray, hereby answers Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure as follows:

### INTRODUCTION

Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

1. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

2. Denied. The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

3.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

5.     Admitted, upon information and belief.

6.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

7.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

8.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

9.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

10.     Admitted only that Plaintiff filed a discrimination charge with EEOC on November 10, 2020 docketed as 530-2021-00641. The referenced Charge is a written document that speaks for itself. Any underlying characterization of the Charge, or portions thereof, which have been taken out of context, are therefore

denied. Moreover, it is denied that the referenced Charge stated a claim upon which relief could be granted or upon which probable cause was found. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

11.     Admitted only that Plaintiff dual-filed the referenced Charge with the PHRC. The referenced Charge is a written document that speaks for itself. Any underlying characterization of the Charge, or portions thereof, which have been taken out of context, are therefore denied. Moreover, it is denied that the referenced Charge stated a claim upon which relief could be granted or upon which probable cause was found. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

12.     Admitted.

13.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

18.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

19.     Denied as stated. Plaintiff's employment contract is a written document that speaks for itself. Any underlying characterizations of the contract, or portions thereof, which have been taken out of context, are therefore denied.

20.     Denied as stated. Plaintiff's employment contract is a written document that speaks for itself. Any underlying characterizations of the contract, or portions thereof, which have been taken out of context, are therefore denied. It is further denied that Plaintiff worked "successfully" for Answering Defendant.

21.     Denied as stated. Plaintiff's employment contract is a written document that speaks for itself. Any underlying characterizations of the contract, or portions thereof, which have been taken out of context, are therefore denied.

22.     Denied as stated. Plaintiff's employment contract is a written document that speaks for itself. Any underlying characterizations of the contract, or portions thereof, which have been taken out of context, are therefore denied.

23.     Denied as stated. Plaintiff's employment contract is a written document that speaks for itself. Any underlying characterizations of the contract, or portions thereof, which have been taken out of context, are therefore denied.

24. Denied as stated. Plaintiff's employment contract is a written document that speaks for itself. Any underlying characterizations of the contract, or portions thereof, which have been taken out of context are therefore denied.

25. Denied as stated. Plaintiff's employment contract is a written document that speaks for itself. Any underlying characterizations of the contract, or portions thereof, which have been taken out of context, are therefore denied.

26. Denied as stated. Plaintiff's employment contract is a written document that speaks for itself. Any underlying characterizations of the contract, or portions thereof, which have been taken out of context, are therefore denied.

27. Denied as stated. Plaintiff's employment contract is a written document that speaks for itself. Any underlying characterizations of the contract, or portions thereof, which have been taken out of context, are therefore denied.

28. Denied as stated. Plaintiff's employment contract is a written document that speaks for itself. Any underlying characterizations of the contract, or portions thereof, which have been taken out of context, are therefore denied.

29. Denied as stated. Plaintiff's employment contract is a written document that speaks for itself. Any underlying characterizations of the contract, or portions thereof, which have been taken out of context are therefore denied.

30. Denied as stated. Plaintiff's employment contract is a written document that speaks for itself. Any underlying characterizations of the contract,

or portions thereof, which have been taken out of context, are therefore denied. Answering Defendant is without knowledge to admit or deny how the contract made the Plaintiff feel.

31.    Denied.  The allegations in this paragraph are hereby denied.

32.    Denied.  The allegations in this paragraph are hereby denied.

33.    Denied.  The allegations in this paragraph are hereby denied.

34.    Denied.  The allegations in this paragraph are hereby denied.

35.    Denied.  The allegations in this paragraph are hereby denied.

36.    Denied.  The allegations in this paragraph are hereby denied.

37.    Denied.  The allegations in this paragraph are hereby denied.

38.    Denied.  The allegations in this paragraph are hereby denied.

39.    Admitted.

40.    Admitted.

41.    Admitted.

42.    Admitted.

43.    Denied.  The allegations in this paragraph are hereby denied.

44.    Denied.  The allegations in this paragraph are hereby denied.

45.    Denied.  The allegations in this paragraph are hereby denied.

46.    Denied.  The allegations in this paragraph are hereby denied.

47.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

48.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the remaining averments contained in this paragraph, therefore they are denied.  Strict proof thereof is demanded at the time of the trial.

49.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the remaining averments contained in this paragraph, therefore they are denied.  Strict proof thereof is demanded at the time of the trial.

50.     Denied.  The allegations in this paragraph are hereby denied. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

51.     Denied.  The allegations in this paragraph are hereby denied.

52.     Denied.  The allegations in this paragraph are hereby denied.

53.     Denied.  The allegations in this paragraph are hereby denied.

54.     Denied.  The allegations in this paragraph are hereby denied.

55.     Denied.  The allegations in this paragraph are hereby denied.

56.     Denied.  The allegations in this paragraph are hereby denied.

57.     Denied.  The allegations in this paragraph are hereby denied.

58.     Denied.  The allegations in this paragraph are hereby denied.

59.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

60.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

61.     Denied. Tony Dailey is in his fifties.

62.     Denied.  The allegations in this paragraph are hereby denied.

63.     Denied.  The allegations in this paragraph are hereby denied.

64.     Denied.  The allegations in this paragraph are hereby denied.

65.     Denied as stated. Larry and Jeff Wagner informed the Plaintiff of his performance deficiencies, which included significant decreases in sales as well as customer complaints, and the overall declining performance of the company as a result of the COVID-19 pandemic. The remaining allegations of this paragraph as denied.

66.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

67.     Denied.  The allegations in this paragraph are hereby denied. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

68.     Denied.  The allegations in this paragraph are hereby denied. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

69.     Denied.  The allegations in this paragraph are hereby denied.

70.     Denied.  The allegations in this paragraph are hereby denied.

71.     Denied.  The allegations in this paragraph are hereby denied.

72.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the remaining averments contained in this paragraph, therefore they are denied. By way of further answer, John Morton did file a discrimination charge based upon disability, but Answering Defendant is without knowledge as to whether information concerning this charge was communicated to Plaintiff by Morton.  Answering Defendant denies that it engaged in any unlawful or discriminatory conduct. Motion is Strict proof thereof is demanded at the time of the trial.

73.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the remaining averments contained in this paragraph, therefore they are denied.  Strict proof thereof is demanded at the time of the trial.

74.     Denied.  The allegations in this paragraph are hereby denied.

75.     Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the remaining averments contained in this paragraph, therefore they are denied.  Strict proof thereof is demanded at the time of the trial.

76.     Denied. Plaintiff was offered the opportunity to draft his own contract and choose his own salary amount in light of Answering Defendant's suffering financial position and his own performance deficiencies, which he did, and which was approved by Answering Defendant. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

77.     Denied as stated. Any email sent to Plaintiff are written documents that speak for themselves. Any underlying characterizations of any emails sent to Plaintiff, or portions thereof, which have been taken out of context are therefore denied.

78.     Denied. Plaintiff did not receive a compensation offer. Plaintiff was offered the opportunity to draft his own contract and choose his own salary amount

in light of Answering Defendant's suffering financial positions and his own performance deficiencies, which he did, and which was approved by Answering Defendant. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

79.     Denied as stated. Any email sent to Plaintiff are written documents that speak for themselves. Any underlying characterizations of any emails sent to Plaintiff, or portions thereof, which have been taken out of context are therefore denied.

80.     Denied as stated. Any email sent by Plaintiff are written documents that speak for themselves. Any underlying characterizations of any emails sent by Plaintiff, or portions thereof, which have been taken out of context are therefore denied.

81.     Denied as stated. Any "request" signed by Jeff Wagner is a written document that speaks for itself. Any underlying characterization of any "request" signed by Jeff Wagner, or portions thereof, which have been taken out of context are therefore denied.

82.     Denied as stated. Plaintiff's salary was reduced from the terms of his 1994 contract in an amount chosen by Plaintiff in light of Answering Defendant's financial difficulties and Plaintiff's own performance deficiencies. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

83.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

84.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

85.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

86.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

87.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

88.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied.

89.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

90.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

## COUNT ONE

90.     Paragraphs 1 through 90 are incorporated herein by reference as if fully set forth at length.

91.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

92.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and

they are, therefore, denied. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

## COUNT ONE

93.     Paragraphs 1 through 92 are incorporated herein by reference as if fully set forth at length.

94.     Denied.  The averments contained in this paragraph of Plaintiff's Complaint are conclusions of law to which no responsive pleading is required and they are, therefore, denied. Answering Defendant denies that it engaged in any unlawful or discriminatory conduct.

WHEREFORE, the Answering Defendant G.E. Richards Graphic Supplies Co., Inc., denies that it is liable on the cause of action declared upon and demands judgment in its favor, plus costs of suit and such other relief as the Court may deem just and appropriate.

## AFFIRMATIVE DEFENSES AGAINST THE PLAINTIFF

Defendant, G.E. Richards Graphic Supplies Co., Inc., by and through their attorneys, Bunker & Ray, hereby asserts the following affirmative defenses against the Plaintiff in accordance with the Federal Rules of Civil Procedure as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the applicable Statute of Limitations.

## SECOND AFFIRMATIVE DEFENSE

The Complaint, or portions thereof, fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged causes of action are barred, in whole or in part, by the Doctrine of Laches.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred or substantially reduced because Plaintiff failed to act reasonably or timely to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

This Court has not acquired personal jurisdiction over the person of Answering Defendant, thus demanding dismissal of the case.

## SIXTH AFFIRMATIVE DEFENSE

The lawsuit is barred under the Doctrines of Res Judicata and/or Collateral Estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's conduct should constitute a defense in that Plaintiff's conduct, rather than the actions of the Defendant, should be deemed the legal cause of Plaintiff's termination.

## EIGHTH AFFIRMATIVE DEFENSE

Answering Defendant specifically denies being liable for punitive damages.

## NINTH AFFIRMATIVE DEFENSE

Any claim for punitive damages violates Answering Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the Commonwealth of Pennsylvania and, therefore, fails to state a cause of action upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages violates Answering Defendant's rights to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and the Constitution of the Commonwealth of Pennsylvania and violates Answering Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

## ELEVENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages in connection with Plaintiff's PHRA claim is barred.

## TWELFTH AFFIRMATIVE DEFENSE

The acts or omissions of Defendant were not a factual cause or legal cause of the loss or damages alleged by the Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

The current action is barred pursuant to a full accord and satisfaction for the claim stated in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or part because Defendant has made good-faith efforts to prevent discrimination and retaliation in its workplace and, thus, cannot be held liable for the decisions of its agents, to the extent the challenged employment decisions were contrary to its efforts to comply with the discrimination laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant has acted in good faith and has not acted willfully, deliberately, intentionally, outrageously, or with an extreme indifference to the rights of Plaintiff and, thus, Plaintiff is not entitled to punitive damages on the law or the facts.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's pre-existing emotional, psychological, and physical condition prior to the alleged acts of misconduct was such that Defendant's act(s), if any, did not proximately cause or contribute in any manner to Plaintiff's alleged injuries and/or damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are limited under the ADEA and the PHRA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant expressly denies that it or any employee under its supervision acted in any manner which violated Plaintiff's rights, including engaging in discrimination, retaliation or other unlawful actions toward Plaintiff. If Plaintiff's rights were violated by an employee of Defendant, such violation occurred outside the scope of employment and without consent of Defendant, and Defendant never knew nor had reason to know of any such violation. Defendant did not condone, ratify, or tolerate any such conduct, but instead prohibited such conduct.

## NINETEENTH AFFIRMATIVE DEFENSE

Any alleged injury or damage suffered by Plaintiff was in no way caused by, or a result of, any fault, act or omission by Defendant, but was caused by circumstances, persons or entities for whom Defendant is not and may not be held responsible.

## TWENTIETH AFFIRMATIVE DEFENSE

Because Plaintiff's claim herein is frivolous, Defendant requests that the court award them reasonable attorney fees and all costs incurred as a result of this proceeding pursuant to 42 Pa C.S.A. § 2503(9).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, to the extent that they exceed the scope or type of claims asserted in the relevant underlying administrative charges of discrimination filed with the applicable federal or state agencies, or to the extent that they relate to the claims that were not investigated by the applicable federal or state agencies, subject to conciliation efforts, or properly averred in a timely civil action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant never authorized or ratified the alleged discrimination or retaliation.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

All of Defendant's actions were taken for legitimate, non-discriminatory and non-retaliatory reasons.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant's treatment of Plaintiff was lawful and in good faith at all times.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compensatory damages, declaratory relief and/or injunctive relief.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant took no action in violation of the ADEA and/or the PHRA.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant did not engage in any discrimination as alleged in the Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they involve transactions or events, or seek damages or periods, outside any applicable statutory limitations period.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for back and front pay are barred to the extent that he would have been terminated based on "after acquired" evidence.

## THIRTIETH AFFIRMATIVE DEFENSE

The extent to which Plaintiff's Complaint may be barred by any remaining affirmative or other defenses, including those contemplated by Rule 8 of the Federal Rules of Civil Procedure, they cannot be determined at this time without the benefit of discovery.  Thus, as separate and alternative defenses to Plaintiff's Complaint, Defendant reserves its right to assert all affirmative and other defenses as appropriate.

WHEREFORE, the Answering Defendant, G.E. Richards Graphic Supplies Co., Inc., denies liability and avers that Plaintiff is jointly and severally liable and/or liable over to it on the cause of action declared upon and demands judgment

in its favor, plus costs of suit and such other relief as the Court may deem just and

appropriate.

BUNKER & RAY

BY: JENNA R. MATHIAS
Attorney I.D.# 326662
Attorney for Defendant, G.E. Richards
Graphic Supplies Co., Inc.

436 Walnut Street, WA01A
Philadelphia, Pennsylvania 19106
(215) 845-6150

DATED:  December 28, 2021